**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF FLORIDA**

Case No. 17-20037-CR-GAYLES/OTAZO-REYES

**UNITED STATES OF AMERICA,**

v.

**JEFFER BODAN-ANTON,**
    a/k/a "Jeffer Boden"
    a/k/a "Mario Lemus"

    **Defendant.**
_____/

### AMENDED ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia Otazo-Reyes's Report and Recommendation [ECF No. 56]. On February 24, 2017, Defendant Jeffer Bodan-Anton ("Defendant" or "Bodan") filed a Motion to Dismiss Indictment Pursuant to the Statute of Limitations (the "Motion to Dismiss) [ECF No. 10]. The Court referred the Motion to Dismiss to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636. [ECF No. 16]. Judge Otazo-Reyes's Report recommends that the Court grant the Motion to Dismiss. The United States has timely filed objections to the Report [ECF No. 57].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are

reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem*, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).

The Court, having conducted a *de novo* review of the record, agrees with Magistrate Judge Otazo-Reyes's well-reasoned analysis and conclusions. The applicable statute of limitations did not begin to run until Defendant was "found in" the United States. *United States v. Scott*, 447 F.3d 1365, 1369 (11th Cir. 2006). "This occurs when immigration authorities either know of or, with the exercise of diligence typical of law enforcement authorities, could have discovered the illegality of defendant's presence." *United States v. Palomino Garcia*, 606 F.3d 1317, 1323 (11th Cir. 2006)(internal quotations and citations omitted). On July 28, 2004, Asylum Officer Kendra Wallace ("AO Wallace"), during a review of Defendant's mother's asylum application, discovered that Defendant's name was associated with two Alien Registration Numbers and that he had been previously deported to Nicaragua as an aggravated felon on February 20, 2003, under his earlier Alien Registration Number. Despite having this information directly before it, the United States failed to exercise any due diligence in ascertaining Defendant's legal status in the United States and whether he was subject to a deportation order or criminal prosecution. As a result, the Court finds that the statute of limitations began to run on July 28, 2004, the date when the United States could have (and should have) discovered the illegality of Defendant's presence.

The Court notes that the facts of *Palomino Garcia*, the case on which the United States relies, are distinguishable from the facts of this case. There, the defendant's wife submitted an incomplete I-130 Petition to begin the process for the defendant to adjust to

permanent resident alien status. Once the application was complete, the agency "moved quickly to investigate Mr. Palomino Garcia's status." *Palomino Garcia*, 606 F.3d at 1323. In this case, the United States conducted no investigation whatsoever when it became aware in 2004 that Defendant had two Alien Registration Numbers and that he had been previously deported. Any amount of diligence would have revealed that Defendant illegally reentered the United States in 2004 after his 2003 deportation.

## CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes's Report and Recommendation [ECF No. 56] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendant Jeffer Bodan Anton's Motion to Dismiss Indictment Pursuant to the Statute of Limitations [ECF No. 10] is **GRANTED**. This case is **DISMISSED** pursuant to the statute of limitations.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE